UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTON L. CROWLEY; JOHN A. FLORES,<br><br>                                       Plaintiff,<br>          v.<br>EPICEPT CORP.,<br><br>                                     Defendant. | Civil No.   09CV641-L (BGS)<br><br>**ORDER DENYING MOTION TO CONTINUE DISCOVERY AND ALL OTHER DATES AND DEADLINES**<br><br>**[Doc. No. 29]** |

      The parties filed a Joint Motion to Extend Discovery and the Mandatory Settlement Conference. (Doc. No. 29.) The motion and the accompanying declaration state that the parties "have not participated in meaningful discovery exchanges." (*Id.* at 2.) The Case Management Conference Order was issued on February 18, 2010, thus the parties have had seven months to conduct discovery in this case. (Doc. No. 24.) The Case Management Conference Order contained the following warning: "The dates and times set forth herein will not be modified except for good cause shown." (*Id.* at 9.) Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.).

      Plaintiffs' counsel bases her request for additional time on her busy trial schedule. During a call with the Court, Plaintiffs' counsel represented that she has not propounded any written discovery and has not taken a deposition. Furthermore, the dates set in the Case Management Order provided for a lengthy discovery period in order to accommodate Plaintiffs' counsel's trial schedule. While Plaintiffs' counsel claims her burdensome trial schedule and the small size of her law firm prevent her from

1

meeting the discovery deadlines, such an excuse does not satisfy good cause. *See Hernandez v. Mario's Auto Sales, Inc.,* 617 F. Supp.2d 488, 495 (S.D. Tex. 2009). Furthermore, in *Gonzalez v. Ingersoll Milling Machine Co.,* 133 F.3d 1025, 1030 (7th Cir. 1998), counsel's busy trial schedule did not demonstrate good cause for obtaining an extension of time. The parties have not shown any evidence of diligence in attempting to comply with the deadlines set in the Case Management Conference Order.

For the reasons stated above, the Court **DENIES** the motion **WITHOUT PREJUDICE**. If necessary, the parties may file a renewed motion after the Mandatory Settlement Conference. Counsel must diligently proceed with discovery in preparation for the Mandatory Settlement Conference.

IT IS SO ORDERED.

DATED:  September 22, 2010

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court