UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTON L. CROWLEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EPICEPT CORPORATION, *et al.*, <br><br> Defendants. | Civil No. 09-CV-0641-L(BGS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS IN LIMINE [DOCS. 111, 112]** |

Pending before the Court are Plaintiffs' motions *in limine*. The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, and as indicated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motions *in limine*.

**I.   Motion to Exclude Reference to Supplemental Expert Report**

On March 28, 2011, according to Plaintiffs, Defendant EpiCept exchanged their expert Patrick Kennedy's expert report with Plaintiffs, with a disclaimer that " 'he would be unable to provide specific rebuttal damage calculations until he had had a clarification of Plaintiff's expert's methodology and calculations.' " (Pls.' MIL #2 3, ECF No. 111.) Mr. Kennedy exchanged no damage calculations. (*Id.*) On April 6, 2011, Plaintiffs'

9cv0641

Expert Chris Pedersen was deposed. (*Id.*) On April 8, 2011, Mr. Kennedy was deposed, and he testified that he needed additional time to rebut Pederson's report. (*Id.*) On June 8, 2011, Mr. Kennedy provided a "supplemental report." (*Id.*) At this time, more than three years later, Mr. Kennedy has never been deposed with respect to this "supplemental report."

> Plaintiffs now move for a limiting instruction preventing
>
> Defendants, and defense counsel, and through and [sic] each and every one of their witnesses, not to mention, refer to, interrogate, or in any other way convey to the jury any fact of or any facts or circumstances relating to their expert's supplement [sic] report until a deposition is taken.

(Pls.' MIL #2 2.) Plaintiffs also request that the Court restrict Mr. Kennedy's testimony "to that on which he was deposed, subject to foundational challenges." (*Id.*) Finally, Plaintiffs request a Fed. R. Evid. 104 hearing prior to trial "to determine whether Defendant's expert lacks a sufficient foundational basis to testify." (*Id.*)

Plaintiffs base their motion on three arguments. First, Plaintiffs suggest that any evidence introduced from Mr. Kennedy's supplemental report will not be helpful to the jury. The only argument Plaintiffs make in support of this position is that Mr. Kennedy "admitted his report was not helpful in that he had not prepared any damage calculations in rebuttal to Mr. Pedersen's calculation and by the time of his deposition had not yet done so." (Pls.' MIL #2 5.) However, Plaintiffs fail to point to any such admission. Further, the Court's review of Mr. Kennedy's expert reports does not reveal any such admission.

Next, Plaintiffs argue that Mr. Kennedy admitted that he did not "conduct[] a sufficient investigation to testify on damage calculations." (Pls.' MIL #2 5.) Further, they suggest that he has not been deposed on his supplemental report which contains a "very questionable calculation." Again, Plaintiffs fail to point to any evidence in Mr. Kennedy's reports or deposition transcripts that support this argument. Such conclusory arguments give the Court no basis on which to evaluate whether Mr. Kennedy's investigations were "sufficient" or if his calculations were "questionable." Therefore,

the Court concludes that Plaintiffs have failed to present any evidence that Dr. Kennedy's supplemental rebuttal report should be excluded.

Finally, Plaintiffs request a Fed. R. Evid. 104 evidentiary hearing. (Pls.' MIL #2 5-6.) In support of that request, Plaintiffs argue that "[s]uch hearings are traditionally permitted to verify that an expert's testimony is sufficiently reliable and helpful to the jury to be permitted," citing *In re Paoli*, 35 F.3d 717, 745 (3d Cir. 1991). As explained above, Plaintiffs have failed to raise any valid argument as to the reliability and helpfulness of Mr. Kennedy's report or potential testimony. Plaintiffs present no other argument as to why such a hearing is necessary. Therefore, this motion is **DENIED**. Of course, if Mr. Kennedy testifies, Plaintiffs will have the opportunity to cross-examine him.

Although a hearing is not necessary, the Court has a gatekeeping responsibility to exclude unreliable expert testimony. *Kuhmo Tire Co. V. Carmichael*, 119 S. Ct. 1167 (1999). For the following reasons, the Court finds that Mr. Kennedy's expected testimony is reliable.

First, Mr. Kennedy appears to be qualified to testify as a damages expert in this case. He is an economist and managing director of a firm that provides expert testimony and valuation to clients. He holds a bachelor's degree in Economics from UCSD and a doctorate in Economics from Stanford. Moreover, he has experience in the healthcare, medical device, and pharmaceutical industries.

Second, Mr. Kennedy's testimony appears to be reliable, relevant, and based on a methodology with no substantive flaws. Specifically, Mr. Kennedy's damage calculations are based on readily identifiable risks associated with FDA approval, reasonable market size and expected sales, loss of income due to venture capital discount rates, potential risks, patent royalty stream times, and other factors.

The Court has resolved this motion, on the briefs and exhibits submitted by the parties. The Court has reviewed the deposition transcript and the reports prepared by the expert, and concludes that this procedure is adequate for this particular motion. The

Supreme Court extended broad latitude to the district court's decision of "whether or when special briefing or other proceedings are needed to investigate reliability." *Kumho Tire*, 526 U.S. at 152. The district court has equal discretion "about how to determine reliability" as it does to admit or exclude the substance of the expert's testimony. *Id.* "Otherwise, the trial judge would lack the discretionary authority needed both to avoid unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises." *Id.* The Supreme Court relied on the Rules of Evidence command that the district court avoid "unjustifiable expense and delay" as part of the truth-seeking process. *Id.* (citing Fed, R. Evid. 102); accord *Volk v. United States*, 57 F.Supp.2d 888, 893–95 (N.D.Cal.1999) (judge acted within discretion to admit field sobriety expert in a criminal DUI case without conducting a traditional Daubert hearing).

The Court is willing to reconsider this ruling if Plaintiffs make a proper showing that Mr. Kennedy's proposed testimony fails to meet the factors identified in *Daubert*. *Daubert*, 509 U.S. at 593–94.  Upon such a showing, the court may conduct a Rule 104 hearing at which time Plaintiffs may attempt to show the inadmissibility of Mr. Kennedy's expert testimony.  Fed. R. Evid. 104 (court may conduct preliminary hearing, outside presence of jury, to determine questions of admissibility).

**II.    Motion to Exclude Evidence of Dr. Crowley's "License Issues"**

According to Plaintiffs, Dr. Crowley's pharmacist license was surrendered pursuant to a stipulation that he entered into on February 5, 1999.  (Pls.' MIL #1 3-4). Then, in 2008, his license was revoked "as a result of events surrounding a DUI."  (Pls.' MIL #1 3-4).  Plaintiffs believe that the events surrounding Dr. Crowley's "licensing issues" are irrelevant and should not be introduced into evidence.  Therefore, Plaintiffs move for a limiting instruction preventing

Defendants, and defense counsel, and through and [sic] each and every one of

>their witnesses, not to mention, refer to, interrogate, or in any other way convey to the jury any fact of or any facts or circumstances relating to Dr. Crowley's stipulation to surrender his license and the accusation and events on which the stipulation is based, and those relating to a subsequent revocation.

(Pls.' MIL #1 1-2.)  Plaintiffs base this motion on four arguments: (1) the evidence to be excluded is irrelevant, (2) the evidence is unfairly prejudicial and may mislead the jury, (3) the evidence is improper character evidence under Fed. R. Evid. 404, and (4) introduction of the evidence would violate Dr. Crowley's constitutional right to privacy. (*Id.* 2-6.)  In an effort to align and resolve the parties' dispute, the Court will refer to the first three arguments as relevancy arguments, and the fourth as a privacy argument.

### A.  Relevancy of Dr. Crowley's "License Issues"

First, Plaintiffs seek exclusion of Dr. Crowley's "license issues" under Fed. R. Evid. 401 and 402 because "Dr. Crowley's prior license issues are entirely irrelevant because they would not excuse Defendants' performance under the Agreement."  (Pls.' MIL #1 4.)  Further, Plaintiffs suggest that Dr. Crowley's license issues have never been articulated by Defendant "as a reason for failed performance."  (*Id.* 5.)  Thus, Plaintiffs argue, Dr. Crowley's "license issues" are not relevant and would unduly prejudice him to the jury.

Second, Plaintiffs argue that, even if relevant, "any probative value of this evidence is outweighed by the threat that such evidence would confuse and mislead the jury."  (Pls.' MIL #1 5.)  Although Plaintiffs refer to Fed. R. Evid. 403 while making this argument, they provide no explanation why the "license issues" would confuse and mislead the jury.  Instead, they argue that use of this evidence violates Fed. R. Evid. 404, which provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."  (*Id.*)

As an initial matter, it impossible for the Court to provide an order that excludes evidence of Dr. Crowley's "license issues" without said issues being specifically

addressed in the motion. However, Defendants specifically identify evidence they would like to introduce regarding these "licensing issues." In light of this, the Court assumes that Plaintiff would like to exclude all evidence that Defendants cite in their opposition.[1]

Defendant does not contest Plaintiffs' relevancy arguments with respect to the *claims and defenses* arising from the operative complaint. Instead, they suggest that the license issues are relevant to Dr. Crowley's "veracity" and "ability to recall facts and events" will be at issue with respect to "certain critical issues . . . including interpreting the Assignment Agreement."[2] (Defs.' Opp'n 2, ECF No. 114.) Specifically, Defendant suggests that the facts that Dr. Crowley has a "long-standing drug addition [sic]," was found in illegal possession, and lied "to a police officer about his alcohol consumption following a car accident while driving under the influence of alcohol" are all relevant to his veracity and ability to recall facts and events. Defendant suggests that such evidence is admissible under Fed. R. Evid. 608 and 609. Unfortunately, Plaintiffs offer no response to these arguments.

A trial court may permit a party to cross-examine a witness about specific instances of misconduct if they are probative of truthfulness or untruthfulness. *U.S. v. Jackson*, 882 F.2d 1444, 1448 (9th Cir 1989) (citing Fed. R. Evid. 608(b)). Defendant contends that facts surrounding Dr. Crowley's license issues (apart from Dr. Crowley's past convictions) bear on his credibility, and without any argument to the contrary from Plaintiffs, the Court tentatively agrees. So, at this time, the Court **DENIES** Plaintiffs' motion with respect to their relevancy arguments regarding "license issues" apart from Dr. Crowley's past convictions.

With respect to Defendant's argument under Fed. R. Evid 609, the Court must first

---

[1] Plaintiffs do not waive their right to object to the admission of other "license issues," but such objections cannot be ruled on here due to the paucity of detail in Plaintiffs' motion.

[2] ) Plaintiffs appear to agree that Dr. Crowley's veracity and ability to recall events is important to this case. "Since Dr. Flores relied on Dr. Crowley as the contact person with EpiCept, it is Dr. Crowley who is the main source of recalling events." (Pls.' MIL #1 5-6).

identify the potential criminal convictions sought to be introduced. First, Dr. Crowley was convicted of the felony of possessing a controlled substantive and served a 16-month sentence. The Court finds this fact admissible under Fed. R. Evid. 609(a)(1)(A). Any facts surrounding the felony conviction, however, are deemed inadmissible because the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. See Fed. R. Evid. 403. Thus, Plaintiffs' motion is **DENIED** to the extent it seeks to prevent introduction of Dr. Crowley's felony conviction into evidence.

Second, Dr. Crowley pled no contest to the misdemeanor of driving with a blood alcohol level of .08 percent or more. Because this crime was not punishable by death or by imprisonment for more than one year, it is not admissible under Fed. R. Evid. 609(a)(1). Moreover, it is not admissible under 609(a)(2) because the Court cannot "readily determine that establishing the elements of the crime required proving. . . a dishonest act or false statement." Fed. R. Evid. 609(a)(2). In fact, violation of Vehicle Code Section 23152 does not require a dishonest act or false statement. Therefore, Plaintiffs' motion is **GRANTED** with respect to evidence of Dr. Crowley's Vehicle Code Violation in July 2007, as it is inadmissable under Fed. R. Evid. 609.

### B. Privacy Argument

Plaintiffs next argue that "[d]isclosure of Dr. Crowley's license history would unfairly invade his right to privacy." (Pls.' MIL #1, 6.) In support of this argument, Plaintiffs cite the California State Constitution, which provides that

> All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

Cal. Const. art. I, §1. However, Plaintiffs provide no substantive argument as to why disclosure of Dr. Crowley's Board of Pharmacy records implicate his right to privacy provided by the state constitution, especially in light of the fact that said records have

been disclosed and made public by Plaintiffs during this proceeding. Therefore, the motion is **DENIED**.

        **IT IS SO ORDERED.**

DATED: March 9, 2015

_M. James Lorenz_
M. James Lorenz
United States District Court Judge